# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 5:07-CR-9-SLB-JEO |
| | ) | |
| BRIAN SCOTT CULVER | ) | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR REVOCATION OF THE MAGISTRATE'S ORDER GRANTING THE DEFENDANT'S REQUEST FOR BOND

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and Laura D. Hodge, Assistant United States Attorney for the Northern District of Alabama, and offers this Memorandum in support of its Motion for Revocation of the Magistrate's Order Granting the Defendant's Request for Bond.

It is the Government's position that the evidence supports detention of the defendant and that the bond set by the Magistrate should be revoked. The Magistrate's analysis of the weight of the evidence does not adequately take into account certain key pieces of evidence that necessitate detention of the defendant. This evidence includes the minor victim's identification of herself in the video and

Polaroid photographs and the defendant's thumb print in the video.[1]

**<u>Identity of the Minor Female in the Video and Polaroids</u>**

KW, the minor victim of this crime, has identified herself in the video and Polaroid photographs. In addition to the instant federal charges, various charges were brought in state court in Bessemer, Alabama.[2] After a jury trial, guilty verdicts were returned on August 11, 2006 against the defendant on two counts of possession of child pornography.[3] KW testified during the trial. Officer C.D. McGairty, Hoover Police Department, was the lead investigator in the case, and was present during the state court trial. Officer McGairty testified at the detention hearing that during the state court trial, KW was shown still photographs that had been made from the video. In some of these photographs, the victim's hands were visible although her face never appears. The victim's hands were also visible in at least one of the Polaroid photographs. KW was able to identify her hands and certain scar-like markings that appear on at least one of her fingers. The

---

[1] The Magistrate's opinion indicates that two Polaroid photographs were offered into evidence by the Government; however, it was actually two letter size pieces of paper containing photocopied images of multiple Polaroid photographs.

[2] There were four charges in Bessemer: two cases of Possession of Pornographic Materials based on the video and Polaroid photographs that are the basis of the instant federal case; Domestic Violence, 2nd Degree; and Distribution of Drugs to a Minor.

[3] Case Numbers CC 04-341 and CC 04-432. The defendant was also found not guilty of the other two charges against him.

Magistrate apparently overlooked this evidence when he found that "no...other identifying marks or signs appear in it [the video] by which one could conclude that it depicts the minor stepdaughter as opposed to someone else."  (Doc. 3, p. 7). It does not matter that KW's face is not shown in the pornographic images, because she has identified herself based on these identifying marks.

### The Defendant's Thumb Print

The video tape that forms the basis for Count One of the Indictment contains a close-up view of the defendant's thumb which allowed for positive comparison to a known thumb print of the defendant.  The image of the thumb print appeared during the production of the molestation video.  The Magistrate admits this objective evidence is "compelling" evidence that the defendant created the video.  "[T]he evidence supporting the fact that the defendant actually made the videotape is compelling in that his thumb print actually appears during the video."  (Doc. 3, p. 6).  However, the Magistrate later contradicts this by saying that the state court "jury's conclusion that he *possessed* child pornography says little about whether he produced it."  Id. at 9.  This fingerprint evidence is very strong against the defendant and weighs heavily in favor of detention, because it shows that the defendant is the individual engaged in the criminal conduct at issue in this case–namely that the defendant participated in the production of this video.

The state court jury apparently gave KW's testimony more weight and credit than the Magistrate, because they found the defendant guilty of two counts of possession of child pornography. KW's identification of herself in the same images as the defendant's thumb print cannot be ignored. KW's identification of herself proves that the images in the federal case are child pornography. The defendant's thumb print proves that he participated in the production of the child pornography.

The defendant now poses a flight risk that did not previously exist during his state court prosecution. Specifically, the defendant now faces mandatory sentences that could give him reason to flee.[4] This fact coupled with the victim's identification of herself and the objective scientific evidence proving that the defendant participated in the production of the pornographic material calls for detention of the defendant.

---

[4] If the instant conduct occurred before April 30, 2003, the defendant faces a mandatory minimum sentence of ten years on each count. If the conduct occurred after April 30, 2003, the mandatory minimum sentence is increased to fifteen years on each count. Title 18, United States Code, Section 2251(e).

Based on the foregoing and the rebuttable presumptions that accompany these charges, the United States moves that the Magistrate's Order granting bond be revoked and the defendant be detained pending the trial of this case.

Respectfully submitted this the 20th day of February, 2007.

        ALICE H. MARTIN
        United States Attorney

        /s/
        LAURA D. HODGE
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney of record: Herbie Brewer.

        /s/
        LAURA D. HODGE
        Assistant United States Attorney