FILED
2007 Feb-21 PM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **5:07-cr-009-SLB-JEO** |
| | ) | |
| **BRIAN SCOTT CULVER.** | ) | |

### NOTIFICATION OF "WEAK LINK" AND REQUEST FOR GUIDANCE AND CLARIFICATION

**COMES NOW** Defendant, by and through his undersigned attorney, and respectfully notifies this Honorable Court of a "weak link" in certain evidence and exhibits that the defense intends to introduce in the trial of this matter, and further respectfully requests that this Honorable Court provide the defense with guidance and clarification regarding this evidence and exhibits. Your Defendant further states as follows:

1.  In previous "state court cases" involving this Defendant, the State of Alabama produced to the defense a copy of the 8mm videotape at issue in this case in "8mm format," as forensic experts retained by the defense and the State had stated that other formats were inadequate for forensic comparison purposes.

2.  In order for the defense experts in the previous "state court cases" to make adequate forensic comparisons it was necessary for the "8mm copy" produced to the defense to be advanced "frame by frame"

using computer software and for various "still images" to be captured for forensic comparison. To perform these tasks, the defense hired an expert in video capture/photography, to-wit: James Douglas ("Doug") Ivey. Mr. Ivey completed these tasks and the results were produced to the defense team and later produced to the State and used in trial of the "state court cases." Your undersigned attorney respectfully avers that these "still images" were used by agreement between the parties in the "state court cases" and testimony by Mr. Ivey was thus not required to authenticate these images.

3.   Since the time of the "state court cases" involving this Defendant, Mr. Ivey has died, and if the Government insists upon an absolutely complete chain of evidence as to the "still images," then the defense, through no fault of its own, is now unable to secure Mr. Ivey's testimony regarding the "capture" of the "still images" that the defense experts have used to make numerous forensic comparisons in defense of this case.

4.   Your undersigned attorney respectfully avers that these "still images" have previously been used in "state court cases" without challenge or attack on their integrity or the "chain of evidence," and if these "still images" cannot be now reused, the Defendant will be forced, at great

*Page 3 of 4*
*US v. Culver*
*Not. of "Weak Link"*

---

expense and inconvenience, to retain yet another expert to produce a new set of "still images" for use in the trial of this matter.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully notifies this Honorable Court of a "weak link" as to certain evidence and exhibits the defense intends to use in the trial of this matter, and further respectfully requests that this Honorable Court provide the defense with guidance and clarification as to whether and under what circumstances the defense will be permitted to use the exhibits originally created by the now-deceased expert.

Respectfully submitted,


s/Herbie Brewer
**HERBIE BREWER (asb-8713-b55h)**
**Attorney for Defendant**
**215 21st Street North, Suite 200**
**Birmingham, Alabama 35203**
**(205) 323-6699**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record: Alice H. Martin, United States Attorney, Laura D. Hodge, Assistant United States Attorney.

                              **s/Herbie Brewer**_____
                              Herbie Brewer