# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 5:07-cr-009-SLB-JEO |
| | ) | |
| **BRIAN SCOTT CULVER.** | ) | |

### MOTION IN LIMINE TO PROHIBIT ANY INTRODUCTION OF EVIDENCE, CLAIM OR TESTIMONY THAT THE "VIDEO SUBJECT" OR OTHERS WERE DRUGGED

**COMES NOW** your Defendant, by and through your undersigned attorney and respectfully moves this Honorable Court to enter an Order in Limine prohibiting all witnesses called by the Government, or any other witnesses, from introducing or attempting to introduce any claim or testimony alleging that the female subject in the video and/or Polaroid photographs produced by the State during discovery in previous "state court cases" or the Government in these cases, and made the subject of the criminal charges in the above-referenced case, were drugged, stunned, knocked out, and/or under the influence of any type of drugs, prescription mediations, of any other substances which rendered them incapable of resistance or otherwise incapacitated in any manner.  As grounds therefore your Defendant avers as follows:

---

1. That the Defendant expects that the Government or one or more of its witnesses will attempt to introduce evidence and/or claims that the female subject depicted in the video and Polaroid photographs produced during discovery and made the basis of the criminal charges in the above styled cases, was drugged and/or incapacitated by the introduction of drugs and/or some type of substance into her body, rendering her incapable of resistance or acknowledgement of the activities being conducted during the course of the video and/or depicted on the Polaroid photographs.

2. That there is absolutely no chemical, substantive, or testimonial evidence to support any such allegation, and to allow such a claim to be brought before the jury in this case either by way of witness testimony or argument by the prosecution. To allow such claims, especially unsupported by chemical evidence, would be to introduce evidence of other crimes allegedly conducted by the male person who the Government claims was depicted in the video and/or photographs. Moreover, this Defendant is not charged with any offense alleging the giving of any drugs by any means to any alleged victim, and no such evidence is required or necessary for the Government to meet the elements of its charges. Therefore, such attempts to

---

introduce these claims have "no probative value" as to these charges, and would only serve to prejudice the jury.

3.	Moreover, the defense avers that based on prior pleadings and prior testimony in various cases surrounding these alleged incidents, that the mother of the alleged victim, to wit: Sharon Culver, has previously attempted and will again attempt to introduce claims or testimony alleging that her daughter, to wit: K.W., or her son, to wit: J.T.W., or herself, to-wit: Sharon Culver, were drugged by this Defendant, and/or otherwise subjected to some sort of incapacitation rendering them incapable of knowing or recognizing certain activities were being perpetrated against one or more of them.

4.	Should the Government be allowed to argue such a contingency or any of the said witnesses be allowed to speculate to such alleged activity by this Defendant, it would be extremely prejudicial and any alleged probative value of such testimony would be vastly outweighed by the prejudicial effect.  In addition, this Defendant would be essentially placed on Trial for acts for which he has not been charged, and should not be subjected to such claims without any validation, supporting chemical tests, blood tests, urine tests or location of drugs.  The only true motivation for allowing such a

contingency to be argued would be for the Government to place this Defendant's "character" and/or suspected personal use of drugs or prescription medications at issue before the jury.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** your undersigned Defense attorney respectfully moves in Limine that such contentions, arguments, speculation, testimony or claims not be allowed to be brought forth to the venire or jury at any time.

Respectfully submitted,

s/Herbie Brewer
**HERBIE BREWER (asb-8713-b55h)**
**Attorney for Defendant**
**215 21st Street North, Suite 200**
**Birmingham, Alabama 35203**
**(205) 323-6699**

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record: Alice H. Martin, United States Attorney, Laura D. Hodge, Assistant United States Attorney.

s/Herbie Brewer
Herbie Brewer