IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>NORTH EASTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **5:07-CR-009-SLB-JEO** |
| | ) | |
| **BRIAN SCOTT CULVER** | ) | |

<u>RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE</u>

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and Laura D. Hodge, Assistant United States Attorney, and responds to the Defendant's Motion to Dismiss for Lack of Venue as follows:

It is well known that defendants have both a constitutional and statutory right to be tried in the state and district in which the crime was committed. <u>United States v. Cabrales</u>, 524 U.S. 1 (1998); <u>United States v. Burroughs</u>, 830 F.2d 1574 (11th Cir., 1987); <u>United States v. Muench</u>, 153 F.3d 1298 (11th Cir., 1998); U.S. Const. Art. III, § 2, cl. 3; 18 U.S.C. § 3237; Fed. R. Crim. Pro. 18.

Regarding the standard of proof that must be applied to the evidence proving venue, "it has long been settled that when the government is proving a non-essential element of a crime, like venue, the prosecution is not required to

meet the reasonable doubt standard." United States v. Stickle, 454 F.3d 1265, 1271 (11th Cir., 2006)(citing United States v. White, 611 F.2d 531, 534 (5th Cir., 1980)).  The Eleventh Circuit precedent is well established and is clearly illustrated by a recent opinion:

> "The standard this court applies when venue is challenged is whether, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the jury verdict ... the Government proved by a preponderance of the evidence that the crimes occurred in the district in the which the defendant was prosecuted."

United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir., 2004).

Furthermore, the seminal case adopted by the 11th Circuit governing venue is United States v. White, 611 F.2d 531 (5th Cir., 1980).  In White, the court stated that "'[t]he prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense.'" White, 611 F.2d 531, 534-35 (quoting United States v. Turner, 586 F.2d 395, 397 (5th Cir., 1978)).  Most importantly, the court held that "'there need not be direct proof of venue where circumstantial evidence in the record as a whole supports the inference that the crime was committed in the district where venue was laid.'" Id. (quoting Turner, 586 F.2d 395, 397).

In light of the accepted Eleventh Circuit precedent, the defense's

argument applying an "objective evidence" standard is misguided and is not the correct standard to use in determining proper venue for this case. The government believes that, based on a preponderance of the evidence while viewed in a light most favorable to the prosecution, the evidence in this case properly establishes venue.

At trial, the government will present evidence showing that the "snowman pattern" sheets shown in the video match sheets seized from the Cullman County, Alabama residence of the Defendant. Evidence will also be presented that these sheets were never used anywhere other than the Cullman County residence. Evidence will also establish that the defendant had access to the minor victim in this case at the residence in Cullman County. These factors strongly support the establishment of venue in Cullman County, Alabama. Additionally, the victim in this case, K.W., can affirmatively identified features of her body shown in the video produced by the Defendant. This evidence coupled with the established Eleventh Circuit standards is sufficient to support the inference that the crime was committed by the Defendant in the Northern District of Alabama.

Based on the foregoing, the Government asks this Court to DENY Defendant's Motion to Dismiss for Lack of Venue.

Respectfully submitted this the 5th day of March, 2007.

>ALICE H. MARTIN
>United States Attorney
>
>/s/
>
>LAURA D. HODGE
>Assistant United States Attorney

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on the Defendant through his attorney of record, HERBIE BREWER, by filing a copy of the same with the Electronic Filing System for the Northern District of Alabama.

>/s/
>
>LAURA D. HODGE
>Assistant United States Attorney