## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )   5:07-CR-9-LSC-JEO |
| | ) |
| **BRIAN SCOTT CULVER** | ) |

### GOVERNMENT'S CONSOLIDATED RESPONSE
### TO DEFENSE MOTIONS IN LIMINE

### Motion in Limine to Exclude Mention of
### "Domestic Violence 911 Call" (Doc. 14)

The Government opposes this Motion, because evidence that a 911 Emergency call was placed by the minor victim's mother during the early morning hours of November 12, 2003, is inextricably intertwined to the facts giving rise to the Indictment.  The Eleventh Circuit has found that "evidence not part of the crime charged but pertaining to the chain of events explaining the context...is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime...to complete the story of the crime for the jury."  United States v. McClean, 138 F.3d 1398, 1403 (11th Cir. 1998).

Evidence of the 911 call will put into context for the jury why police arrived at the defendant's residence on November 12, 2003.  Without reference to this call,

it may appear to the jury that the police randomly appeared at the house which would not make sense. This evidence is admissible, because it is a piece of the puzzle that will provide a whole and complete picture to the jury.

### Motion in Limine to Prohibit Any Introduction of Evidence, Claim, or Testimony That the "Video Subject" or Others Were Drugged (Doc. 15)

This Motion is premature. If the Government can establish at trial through the testimony and evidence that K.W. was incapacitated in some way, then the Government should be allowed to develop its case as supported by the evidence. The defense would, of course, be allowed to object and cross-examine witnesses as he sees fit.

### Motion in Limine to Exclude Mention of Any and All Drugs or Prescription Medicines...(Doc. 16)

The Government does not intend to offer evidence regarding how the defendant may have obtained controlled substances, but it does intend to offer evidence that controlled substances such as Alprazolam (also known as Xanax), Diazepam (also known as Valium), Zolpidem (also known as Ambien and Stilnox), and Viagra were found in the defendant's residences in Hoover and Cullman, AL. The Government also intends to offer evidence of articles related to Valium and Ambien that were found in the defendant's vehicle. These articles

appear to have been printed from a website.

During its case-in-chief, the Untied States expects to present evidence that the minor victim, K.W., was given Xanax and Valium by the defendant, as well as evidence that Ambien was found in a vaginal syringe at the residence in Hoover on November 12, 2003. If those facts can be established then evidence of these controlled substance and the defendant's knowledge of and access to them would certainly be relevant.

The Government asks that the court reserve it's ruling until the trial of the defendant at which time the defendant can raise timely objections to the evidence. To require the Government to put forth the numerous witnesses and exhibits needed to establish these facts at this time would result in a mini-trial.

## Motion in Limine to Suppress Evidence of Alleged "Drugging" by Defendant...(Doc. 17)

The Government does not intend to offer any evidence that Sharon Culver or J.T.W. were ever drugged by the defendant.

## Motion in Limine to Suppress Evidence of Adult Materials Before Jury (Doc. 18)

The Government does not intend to offer any of the adult materials.

## Motion in Limine to Suppress "Police Interviews"
## Before Jury (Doc. 19)

The Government does not intend to offer evidence in its case-in-chief regarding any statements made by Sharon Culver and K.W. to the police or others. However, the Government reserves the right to offer the statements as they may become relevant as prior consistent statements after cross-examination.

## Motion in Limine to Exclude Mention of Brian Culver
## Allegedly Using a Stun Gun... (Doc. 20)

The Government objects to this motion and said motion should be denied, because this is a matter of proof for trial.  At trial, the Government expects K.W. to testify that she was awakened by a shocking sensation on the back of her neck during the late night/early morning hours of November 11-12, 2003, and at this time Brian Culver was in the bed with her.  Earlier on November 11, 2003, K.W. is expected to testify that Culver gave her two pills for a headache.  K.W. took one and threw the other one away.  Blood tests show that K.W. had the presence of the controlled substance diazepam in her blood.   This is relevant, because the theory of the Government's case is that the defendant, on the occasions when the pornography was produced, had given K.W. controlled substances causing her to be unconscious and have no recollection of the abuse.  The Government has a right to prove its case as supported by the evidence.

## Motion in Limine to Exclude Mention of Any Alleged
## "Relative Position(s)" of the Body of the Alleged Victim (Doc. 21)

Defense counsel has clarified this motion in conversations with the undersigned and his intent is to prevent the Government from offering testimony by an expert as to the way the defendant was positioned when he allegedly used a stun gun to shock K.W. on November 12, 2003.  The Government does not intend to offer such testimony.

## Motion in Limine to Suppress Any and All Alleged Evidence
## Seized from Defendant's Vehicle (Doc. 22)

The Government does intend to offer several items seized from the Defendant's vehicle on November 12, 2003 including, but not limited to two articles printed out from a website about Valium and Ambien.  "Whether an individual's consent to a warrantless search was given voluntarily is a question of fact that must be decided in light of the totality of the circumstances."  *See, United States v. Purcell*, 236 F.3d 1274 (11th Cir. 2001).  This motion is due to be denied, because there is evidence to show that the defendant gave consent to search his vehicle to Lt. Graves and Sgt. Bass of the Hoover Police Department.  The Government will present testimony from at least one of the officers at the evidentiary hearing scheduled for March 29, 2007, showing that Culver's consent to search his vehicle was voluntarily given.

The Government does not intend to offer any items taken from the vehicle during the search on November 14, 2003.

### Motion to Suppress "Fingerprint" Allegedly "Lifted" From 8MM Videotape Cassette (Doc. 24)

This motion is due to be denied. The defendant's basis for his motion goes to the weight of the evidence rather than the admissibility. The Government plans to present the testimony of Evidence Technician Mark Tant to explain the circumstances referenced in defendant's motion.

### Motion to Suppress Alleged "Original" 8MM Videotape Cassette (Doc. 25)

This motion is due to be denied. The defendant's basis for his motion goes to the weight of the evidence rather than the admissibility. The Government plans to present the testimony of Evidence Technician Mark Tant to explain the circumstances referenced in defendant's motion.

### Motion to Suppress Identification of Defendant From "Still Photograph Fingerprint" (Doc. 26) and Motion for Daubert Hearing (Doc. 27)

Document 26 is due to be denied. At the evidentiary hearing set for March 29, 2007, Sgt. Tom McDanal of the Hoover Police Department (HPD) will testify about the steps he took to obtain the still image of the defendant's thumb from the videotape. Sgt. McDanal used a software program called Video Analyst that is manufactured by Integraph. This program was loaded onto a computer made by

Integraph that is located at HPD.  Sgt. McDanal will not offer opinion testimony. He will simply testify about what he did.  McDanal has been a police officer for more than 20 years.  Prior to using the Video Analyst software, McDanal attended a two-day training session at Integraph in Huntsville, AL.

     After Sgt. McDanal captured the still image of the defendant's thumb from the video, he saved it to a disk which he gave to Mark Tant, HPD Evidence Technician. Tant will also testify on March 29.  The image was never enhanced. It was captured exactly as it appeared on the video.  Tant printed the photograph from his computer onto photo quality paper.  He printed it to the specifications of Carol Walker, Birmingham Police Department (BPD) fingerprint examiner.  Ms. Walker asked that it be printed in a 1:1 ratio and that it be printed in gray scale or black and white rather than color.  She also asked that the image be flipped.  The thumb appears in the video upside down.  Ms. Walker asked that the image be flipped so that it would appear in the same direction as the known print of Brian Culver she was using for comparison.

     Ms. Walker will offer her expert opinion that the thumb in the video belongs to Brian Culver.  She will also testify that fingerprints found on the exterior of the 8mm videotape and on one of the Polaroid photographs belong to Brian Culver. Ms. Walker is currently retired after 37 years with BPD.  She worked in the

fingerprint identification division for 28 years. She is certified by the State of Alabama to instruct fingerprint examiners at the Police Academy. She has made hundreds of fingerprints comparisons in her career. She has testified in court and has been accepted as an expert more than 30 times in her career. Ms. Walker will testify at the evidentiary hearing on March 29, 2007, about her qualifications that allow her to offer her expert opinion and about what she did in each of the three comparisons at issue in this case.

This expert testimony is admissible under Fed.R.Evid. 702, because it is technical and specialized knowledge that will assist the jury in their determination of a fact in issue which is the identity of the person who produced the child pornography. Under *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 914 (1993), the court is tasked with the duty of gatekeeper to insure that only reliable scientific knowledge that will assist the trier of fact be admitted. The *Daubert* rule applies to all expert testimony. *See, Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999). *Daubert*'s test of reliability is a flexible one, and *Daubert*'s list of specific factors neither necessarily nor solely applies to all experts or in every case. *See, United States v. Paul*, 175 F.3d 906 (11th Cir. 1999).

**Motion in Limine to Suppress Prior State Court Convictions...(Doc. 36)**

The Government does not intend to offer evidence of the prior convictions in its case-in-chief. However, the government does not waive its right under the Rules of Evidence to go into the convictions if the door should somehow be opened by the defense.

Respectfully submitted this the 27th day of March, 2007.

ALICE H. MARTIN
United States Attorney

/s/
LAURA D. HODGE
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney of record: Herbie Brewer.

/s/
LAURA D. HODGE