IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 5:07-CR-9-LSC-JEO |
| | ) | |
| BRIAN SCOTT CULVER | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
OR JOIN MULTIPLICIOUS COUNTS**

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and Laura D. Hodge, Assistant United States Attorney for the Northern District of Alabama, and responds in opposition to the defendant's Motion To Dismiss and/or Join Multiplicious Counts (Doc. 55). The Defendant's Motion is due to be DENIED for the following reasons:

I.  Background

On January 31, 2007, the Grand Jury returned a two count Indictment against the defendant for violations of Title 18, United States Code, Section 2251(a). The basis for one count is a video tape showing a close-up view of a young girl's vagina being manipulated by an adult male's fingers. A syringe-like

object is also shown being inserted into the vagina.  The basis for the other count is several Polaroid photographs depicting a close-up view of a young female vagina being manipulated by adult male fingers, as well as photographs of the nude female vagina.

On March 28, 2007, the Grand Jury returned a six count Superceding Indictment for violations of Title 18, United States Code, Section 2251(a).  The basis for Count One is the video tape described above.  Counts Two-Six each involve a separate Polaroid photograph.  The contents of these photographs are described above.

II.   **Caselaw**

An indictment is multiplicious if it charges a single offense in more than one count.  *See, United States v. Sirang*, 70 F.3d 588 (11th Cir. 1995); *United States v. Bonavia*, 927 F.2d 565 (11th Cir. 1991).  The issue before the court now is whether the production of the pornographic video tape and the production of the pornographic Polaroid photographs are properly charged as six different counts.  The existing caselaw on this issue is scant.  The Eleventh Circuit has not addressed the issue.  However, the Tenth Circuit has dealt with a factual situation much like the one before the court now, and ruled that the Indictment in that case was not multiplicious.

In *United States v. Esch*, defendants William and Linda Esch were found guilty of sixteen counts of sexual exploitation of their own children in violation of Title 18, United States Code, Section 2251(a). 832 F.2d 531, 533 (10th Cir. 1987), *cert. denied,* 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242 (1988). Each count was based on one of the sixteen photographs depicting pornographic images of the Esch's two children. *Id.* at 534. Esch argued on appeal that "the photographs depicted the same two children and were produced in the same photographing session and therefore constitute only one crime." 832 F.2d at 541. This is precisely the same argument that defendant Culver makes in his motion.

The Tenth Circuit rejected that argument and interpreted Section 2251(a) to mean that "each use of a minor to create a visual depiction constitutes a separate and distinct violation." *Id*. The *Esch* indictment was crafted such that "each successive act [was] charged as a separate crime under the same statute. The pertinent inquiry becomes defining the correct unit of prosecution." *Id.* To determine the correct unit of prosecution, the court focused on the "identification of the key element of the federal offense." *Id.* The legislative history of the statute was reviewed and found to support the conclusion that the "key element of the offense is the use [of] a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct. ...Congress intended to

protect children from the abuse inherent in the production of pornographic materials." *Id.* at 542.

"The fact that multiple photographs may have been sequentially produced during a single photographing session is irrelevant. Each photograph depended upon a separate and distinct use of the children." *Id.* citing *Blockburger v. United States*, 284 U.S. 299, 302-03 (1932). "The criminal acts in the instant case were not simultaneous. Again, our conclusion that the correct unit of prosecution is each use of the children to create a visual depiction is supported by the legislative history, which indicates an unequivocal intent to protect children from the abuse inherent in the production of sexually explicit materials." *Esch,* 832 F.2d at 542.

III.  **Argument**

Although the above cited caselaw is not binding precedent, it is nonetheless directly on-point with the issue at hand. Culver, like Esch, argues that because it appears that this is the same female victim it can be assumed that the video and Polaroids occurred in the same session. This argument should fail for the reasons cited by the Tenth Circuit. In the instant case, we have two different mediums of exploitation, that is, video and still photographs. Both mediums show the victim during various stages of the abuse. There are times when adult male fingers are inserted into the victim's vagina and other occasions where an object is inserted

into her vagina. Clearly these are occasions separate and distinct from each other.

Each individual Polaroid photograph was taken at a time different from the other Polaroid photographs. Because each photograph involves another use of the child for the production of a pornographic image, this constitutes an individual criminal act.

Applying the rationale of the Tenth Circuit, it is not multiplicious for the present indictment to contain six counts– one for the video and one for each of the Polaroid photographs. The use of the different mediums (video and still photography) supports the argument that the use of each is on an occasion different from the other and that each photograph was made at an individual and distinct moment in time.

III. **Conclusion**

Based on the foregoing, the government requests that the defendant's Motion to Dismiss be DENIED. If the court is not persuaded by the government's arguments, then the government asks in the alternative that the court reserve it's ruling until the conclusion of the government's case-in-chief at trial so that evidence may be presented to support all counts of the indictment. It would be impractical to present said evidence during an evidentiary hearing, because that would require a mini-trial.

Respectfully submitted this the 9th day of April, 2007.

ALICE H. MARTIN
United States Attorney

/s/
LAURA D. HODGE
Assistant United States Attorney

/s/
MARY STUART BURRELL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney of record:  Herbie Brewer.

/s/
LAURA D. HODGE
Assistant United States Attorney