**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA**

**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 5:07-CR-9-LSC-JEO |
| | ) | |
| BRIAN SCOTT CULVER | ) | |

**GOVERNMENT'S SECOND CONSOLIDATED RESPONSE TO
DEFENSE MOTIONS IN LIMINE**

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and Laura D. Hodge, Assistant United States Attorney for the Northern District of Alabama, and responds as set out below to the following defense motions:

**Motion in Limine to Suppress Polaroid Camera
and 8mm Video-Camera (Doc. 56)**

The defendant seeks to suppress and exclude evidence that two Polaroid camera and an 8mm video-camera were found at his home in Hoover. He concludes that suppression should be granted, because the cameras cannot be proven as the actual cameras that produced the Polaroid photographs and the 8mm videotape containing the images of child pornography found in his home. Because of this lack of proof, the defendant argues that the existence of these cameras

cannot possibly be relevant even in the context of circumstantial evidence.  All of these arguments are without merit.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  The Eleventh Circuit construes Rule 401 to impose two requirements, "both of which must be met before evidence is admitted." U.S. v. Glasser, 773 F.2d 1553, 1560 (11th Cir. 1985).   First, "'[t]he evidence must be probative of the proposition it is offered to prove, and [second] the proposition to be proved must be one that is of consequence to the determination of the action.'" Id. (quoting United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981)).

Furthermore, a recent Eleventh Circuit decision held that "'[w]hen proffered evidence is of substantial probative value, and will not tend to prejudice or confuse, all doubt should be resolved in favor of admissibility.'" U.S. v. Ndiaye, 434 F.3d 1270, 1281(11th Cir. 2006) (quoting United States v. Todd, 108 F.3d 1329, 1332 (11th Cir.1997)).

The Polaroid cameras and the 8mm video-camera are relevant and admissible.  The government will seek to admit these cameras as probative evidence to show that the defendant had the means of producing the child

pornography with which he is charged.  This is certainly of consequence to the determination of the defendant's guilt.  It is not unduly prejudicial nor is it confusing.  Therefore, the evidence is relevant and admissible based on the standards set forth by the Eleventh Circuit, and the defense motion should be DENIED.

## Motion in Limine to Suppress Any and All Alleged "Articles" Seized from Defendant's Vehicle...(Doc. 58)

The Government's position on this issue is that the evidence presented during the hearing on March 29, 2007 shows that evidence was lawfully seized from the defendant's vehicle for three reasons.  First, consent was given by the defendant to search; second, the vehicle was inventoried after the defendant's arrest for domestic violence; and third, the seized evidence was in plain view.

"Whether an individual's consent to a warrantless search was given voluntarily is a question of fact that must be decided in light of the totality of the circumstances."  *See, United States v. Purcell*, 236 F.3d 1274 (11th Cir. 2001).  This motion is due to be denied, because there is evidence to show that the defendant gave consent to search his vehicle to Lt. Graves of the Hoover Police Department (HPD).  The consent occurred after Culver had been patted down and prescription pills contained in a non-prescription bottle were found in his pocket.  When Lt. Graves asked Culver about these, Culver responded that he had a

3

prescription and either the prescription or the prescription bottle could be found in his Jeep. Culver told Lt. Graves that he could look in the Jeep. There was no coercion used to obtain this consent. It was freely and voluntarily given.

Lt. Graves also testified that after the defendant's arrest for domestic violence, the decision was made to tow the defendant's vehicle incident to this arrest, because it was parked in a public roadway. It is HPD's standard operating procedure to inventory a vehicle prior to towing it. Lt. Graves and Sgt. Bass began looking in the vehicle on the street when Lt. Graves discovered a plastic bag with a large amount of cash in it. Because of this, Lt. Graves decided the prudent thing to do was to tow the vehicle towed to the HPD sally-port and call an evidence technician to document and inventory the vehicle's contents–especially the cash and other personal effects.

Mark Tant was the evidence technician called to the sally-port to photograph and document items in the vehicle. Tant testified as to what he photographed and what was seized from the vehicle. Det. Darren McGairty arrived while Tant was photographing the vehicle. Det. McGairty directed Tant to collect certain items including two articles about Valium and Ambien. Tant testified on March 29, 2007, that he would have collected these items absent any direction from McGairty, because he had been at the Hoover residence collecting evidence on the

domestic violence case and knew that there were allegations that K.W. had been given a controlled substance by the defendant. Because of that, he believed that these articles may have been evidence related to a crime committed at the house in Hoover. This falls under the purview of the "plain view" doctrine which "extends to the seizure of items that, while not contraband themselves, may be used as evidence against a defendant." *United States v. Smith*, 459 F.3d 1276, 1293 (11th Cir. 2006). The defense motion should be DENIED.

## Motion in Limine to Suppress Introduction of Fingerprint on "Male Genitalia Photograph" (Doc. 59)

The Polaroid photograph from which the defendant's fingerprint was lifted contains the image of a nude male's pelvic area including his erect penis. The angle of the picture looks as if the person holding the camera took a picture of himself. The photograph bearing the defendant's fingerprint was found in the defendant's home in the same envelope with the photographs charged in Counts Two through Six. Both the latent print at issue and the image of the thumb seen in the 8 mm videotape charged in Count One of the Indictment were compared to known prints of the defendant. A fingerprint expert, Carol Walker, testified that both prints belong to the defendant, Brian Scott Culver. Therefore, the fingerprint at issue is highly relevant to the charges in the Indictment, and the defense motion should be DENIED.

### **Motion in Limine to Suppress Proposed Testimony From K.W. That Defendant Gave Her "Drugs" (Doc. 60)**

This motion is due to be denied. The defendant offers no authority whatsoever in support of his position. The motion is premature and an inappropriate topic for suppression. Nor is it an appropriate subject for a Motion in Limine. The testimony the defendant seeks to suppress and exclude has not yet occurred. Once it occurs, the defense will be free to cross-examine the witness. That will be the appropriate time and place to raise these questions; therefore, the defense motion should be DENIED.

Respectfully submitted this the 13th day of April, 2007.

ALICE H. MARTIN
United States Attorney

/s/
LAURA D. HODGE
Assistant United States Attorney

/s/
MARY STUART BURRELL
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney of record: Herbie Brewer.

/s/
LAURA D. HODGE
Assistant United States Attorney